```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

GERALD D. RAY,
an individual,
EUNICE RAY,
an individual,
MILDRED SHAMBLIN,
an individual,

    Plaintiffs,

v.                                    Civil Action No. 2:07-0389

DANIEL D. COOPER,
an individual,
GEICO INSURANCE COMPANY
a Maryland corporation,

    Defendants.


### MEMORANDUM OPINION AND ORDER

Pending is the motion of GEICO Insurance Company ("GEICO") for summary judgment, filed June 23, 2008.

I.

On March 21, 2006, an automobile accident occurred on Interstate 77 ("I-77") near Ripley, West Virginia. (Accident Rpt., Mot. Summ. J., ex. A). The collision involved plaintiffs' 2005 Buick and a white 2000 Honda allegedly driven by defendant

Daniel D. Cooper[1] ("Cooper").  (Id.; Compl. ¶ 8).  Plaintiff Gerald Ray was driving the Buick south on I-77.  He was accompanied by his wife and co-plaintiff Eunice Ray, who was in the back seat behind him, and by co-plaintiff Mildred Shamblin, who was in the front passenger seat.  (Accident Rpt., Mot. Summ. J., ex. A).  The Honda was traveling north when it crossed the median and struck the plaintiffs' vehicle head-on.  (Id.).

The GEICO insurance policy at issue is that of Betty W.C. Gibbs and John M. Gibbs.  According to the The Family Automobile Endorsement Policy Declarations ("policy declaration") in place at the time of the accident, the only named insureds were Betty W.C. Gibbs and John M. Gibbs of 103 Axtell Dr., Summerville, South Carolina.  (Policy Declar. at 1, Reply to Resp. to Mot. Summ. J., ex. C).  The Gibbs had a South Carolina Family Automobile Insurance Policy ("policy") with GEICO from May 4, 2004 until September 21, 2006, except for a 30-day

---

[1] Under the heading "OWNER'S NAME" in the portion of the accident report describing the Honda is the name "Daniel Cooper." (Accident Rpt., Mot. Summ. J., ex. A).  In the space designated "DRIVER'S NAME," referring to the driver of the Honda, the word "None" was typed.  (Id.).  The complaint indicates Cooper was the driver of the Honda.  (Compl. ¶ 8).  GEICO's memorandum in support of its motion for summary judgment, though not acknowledging Cooper was the driver, does not specifically refute that assertion.  (Memo. in Supp. of Mot. Summ. J. at 4).

interruption from May 4, 2005, until the policy was reissued on June 3, 2005.  (Id.; 1st Hinkle Aff. ¶¶ 3, 8-9, Mot. Summ. J., ex. C; Memo. in Supp. of Mot. Summ. J. at 2).

Although the accident report lists the Honda as a 2000 model, a 2001 Honda was added to the Gibbs' policy on October 14, 2004.  (Accident Rpt., Mot. Summ. J., ex. A; 1st Hinkle Aff't ¶ 5, Mot. Summ. J., ex. C; Memo. in Supp. of Mot. Summ. J. at 2).  GEICO states in a footnote, "[t]he Policy never had a 2000 Honda listed on it.  However, the 2000 Honda [referenced in the accident report] has a VIN# that is very similar to the 2001 Honda that was a listed vehicle on the Policy from October 14, 2004 until June 3, 2005."  (Memo. in Supp. of Mot. Summ. J. at 2, n.1).[2]  The policy declaration in place at the time of the accident on March 21, 2006 does not list the 2001 Honda added on October 14, 2004.  (Policy Declar. at 2, Reply to Resp. to Mot. Sum. J., ex. C).

Cooper and two others, Donald Muhammed and Iola T.

---

[2] **The VIN number of the 2001 Honda added to the policy on October 14, 2004 is 1HGCG22581YA02762.  (1st Hinkle Aff't ¶ 4, Mot. Summ. J., ex. C; Memo. in Supp. of Mot. Summ. J. at 2).  The VIN number of the 2000 Honda involved in the accident is 1HGCG2258YA027628.  (Accident Rpt. at 1, Mot. Summ. J., ex. A).**

Willams, were added to the Gibbs' policy on December 16, 2004. (1st Hinkle Aff't ¶ 7, Mot. Summ. J., ex. C). According to GEICO, Muhammed and Williams remained on the policy until its termination on September 21, 2006. (Memo. in Supp. of Mot. Summ. J. at 2). Neither Muhammed nor Williams are listed on the policy declaration. (Policy Declar. at 1, Reply to Resp. to Mot. Summ. J., ex. C).

From its internal computer system, Oasis, GEICO submits a record called an "Oasis screen," which states, in part,

> Delete 2001 HONDA
> VIN# 1HGCG22581 YA02762 Service
>
> Driver Deleted
> DANNY COOPER Son Service

(Oasis Screen, Mot. Summ. J., ex. D3and Reply to Resp. to Mot. Summ. J., ex. B). The record indicates it was entered at 4:00 p.m. on June 2, 2005, by GEICO representative Julie Battle, with an effective date of June 3, 2005. (Id.).

Attached to plaintiffs' response are other Oasis screens dated December 3, 2005, June 3, 2006, and September 21, 2006. (Oasis Screens, Resp. to Mot. Summ. J., ex. A). Each of these three Oasis screens list Danny Cooper on the left hand side under the heading, "Driver Summary." (Id.). According to

GEICO's underwriting hearing specialist, Alice Hinkle, the Driver Summary section lists every driver who has ever been a listed driver on the policy at any point during the life of the policy. (2nd Hinkle Aff't ¶¶ 2, 5-9, Reply to Resp. to Mot. Summ. J., ex. A). There is nothing in the record resembling a cancellation notice from GEICO to Cooper regarding the cessation of his coverage by the policy. (Resp. to Mot. Summ. J., at 2).

According to the PLOG call window, a record retrieved from GEICO's Oasis system, a call was received by a GEICO adjuster at 11:04 a.m. on March 29, 2006. (PLOG Call Window, Resp. to Mot. Summ. J., ex. B). The notes of the call, which would typically have been included in the PLOG call window, were mistakenly redacted. (Resp. to Mot. Summ. J. at 2; Reply to Resp. to Mot. Summ. J. at 3). The PLOG call window does not indicate who made the call. (PLOG Call Window, Resp. to Mot. Summ. J., ex. B). An exhibit attached to GEICO's reply, however, reveals for the first time the text of the adjuster's notes and that the call appears to have been from Sgt. J.F. Bare. The text of the adjuster's notes are as follows:

SGT JIM BEAR[3]/ DEPUTY SHERIFF CALLED FROM WV.  STATED

---

[3] GEICO's reply refers to the Sergeant as J.F. Bare. (Reply to Resp. to Mot. Summ. J. at 3).

> THAT PH GOT IN A BAD CAR ACCIDENT, HAD HEAD INJURIES AND COULD NOT REMEMBER WHO HE WAS, SO THE DEP. DECIDED TO WAIT AT A LATER TIME TO GET INFO FROM THE PH, WHEN HE WENT BACK THE PH HAD BEEN SHIPPED TO CHARLESTON, SC TO A BIGGER HOSP. SHERIFF WANTS PH TO CONTACT HIM AT 304-373-[XXXX].

(03-29-06 PLOG entry, Reply to Resp. to Mot. Summ. J., ex. D).

On February 12, 2007, plaintiffs instituted an action alleging: negligence against Cooper (Count I); loss of consortium against Cooper (Count II); and declaratory judgment against GEICO (Count III).  GEICO requests summary judgment be granted in its favor "on all of Plaintiffs' claims."  (Memo. in Supp. of Mot. Summ. J. at 4).  Plaintiffs seek damages for payment of medical bills (which at the time of the complaint were allegedly in excess of $200,000), past and future pain and suffering, and emotional distress.

On June 18, 2007, GEICO, a Maryland corporation,[4] removed on diversity grounds, as permitted by 28 U.S.C. § 1332.  GEICO asserted that it was not a West Virginia resident, that Cooper was an unserved (and still to date remains an unserved)

---

[4] As of 1991, courts have found that GEICO is both incorporated and has its principal place of business in Maryland. See, e.g., GEICO v. Fetisoff, 958 F.2d 1137, 1141 (D.C. Cir. 1992); GEICO v. Andujar, 773 F. Supp. 282, 284 (D. Kan. 1991).

South Carolina resident, and that plaintiffs reside in either West Virginia or Ohio.  (Not. of Rem. ¶¶ 1,3,4; Compl. ¶ 4). Plaintiffs have not contested jurisdiction.

II.

GEICO's memorandum in support of its motion for summary judgment centered on whether the 2000 Honda and defendant Cooper were "listed" on the policy at the time of the accident.  (Memo. in Supp. of Mot. Summ. J. at 2-4).  GEICO claimed both were deleted from the policy when it was reissued on June 3, 2005, relying primarily on the Oasis screen entered by Julie Battle and an affidavit from Alice Hinkle confirming the deletions.  (Id.; Oasis Screen, Mot. Summ. J., ex. D3 at 5 and  Reply to Resp. to Mot. Summ. J., ex. B; 1st Hinkle Aff't ¶ 9, Mot. Summ. J., ex. C).  Plaintiffs' response focused on demonstrating a genuine issue of material fact with respect to whether Cooper had been deleted from the policy on June 3, 2005.  Plaintiffs noted GEICO's inability to provide a cancellation notice and GEICO's listing of Cooper under the heading "Driver Summary" in Oasis screens dated 2005 and 2006.  (Resp. to Mot. Summ. J. at 2-3). Inasmuch as GEICO did not provide plaintiffs with the notes of its claims adjuster's March 29, 2006 conversation with Sgt. Bare

7

South Carolina resident, and that plaintiffs reside in either West Virginia or Ohio.  (Not. of Rem. ¶¶ 1,3,4; Compl. ¶ 4). Plaintiffs have not contested jurisdiction.

II.

GEICO's memorandum in support of its motion for summary judgment centered on whether the 2000 Honda and defendant Cooper were "listed" on the policy at the time of the accident.  (Memo. in Supp. of Mot. Summ. J. at 2-4).  GEICO claimed both were deleted from the policy when it was reissued on June 3, 2005, relying primarily on the Oasis screen entered by Julie Battle and an affidavit from Alice Hinkle confirming the deletions.  (Id.; Oasis Screen, Mot. Summ. J., ex. D3 at 5 and  Reply to Resp. to Mot. Summ. J., ex. B; 1st Hinkle Aff't ¶ 9, Mot. Summ. J., ex. C).  Plaintiffs' response focused on demonstrating a genuine issue of material fact with respect to whether Cooper had been deleted from the policy on June 3, 2005.  Plaintiffs noted GEICO's inability to provide a cancellation notice and GEICO's listing of Cooper under the heading "Driver Summary" in Oasis screens dated 2005 and 2006.  (Resp. to Mot. Summ. J. at 2-3). Inasmuch as GEICO did not provide plaintiffs with the notes of its claims adjuster's March 29, 2006 conversation with Sgt. Bare

7

until its reply, plaintiffs did not have the opportunity to consider the notes in constructing their argument.

In addition to providing the notes for the first time, GEICO's reply alters the insurance company's argument. GEICO initially argued that:

> There are only two ways for the Policy to provide liability coverage to the Cooper vehicle for the March 21, 2006 accident. The first way is if the Cooper vehicle was a listed vehicle under the Policy. . . . The only other way for the Cooper vehicle to be covered under the policy would be if the driver of the vehicle was a listed driver on the Policy.

(Memo. in Supp. of Mot. Summ. J. at 4). In its reply, however, GEICO contends,

> that whether Daniel Cooper was a listed driver is largely irrelevant to the question of coverage in this matter. Daniel Cooper was never a named insured on the Policy. There is only very limited coverage for anyone, other than the named insured, who is driving a non-owned automobile. . . . Daniel Cooper does not qualify for this limited coverage since he was not a resident relative of the Gibbs on March 21, 2006.

(Reply to Resp. to Mot. Summ. J. at 2).

The basis for GEICO's sudden distinction between a "named insured" and a "listed driver" is unclear. "Listed

driver" is not found anywhere in the policy.[5]  Nevertheless, it appears as if GEICO now contends that even if defendant Cooper was a listed driver, coverage would exist only if at the time of the March 21, 2006 accident (1) Cooper was a relative of the

---

[5] The policy defines "you" as "the policyholder named in the declaration and his or her spouse if a resident of the same household." (Policy at 5, Reply to Resp. to Mot. Summ. J., ex. C). Whether the automobile involved in an accident is an "owned" or "non-owned" auto, a person fitting the definition of "you" is covered under Section I which pertains to liability coverage, protection against claims from others, bodily injury liability and property damage liability. (Id. at 5). Below "Named Insured" on the policy declaration one finds Betty and John Gibbs' names and their address. (Policy Declar. at 1, Reply to Resp. to Mot. Summ. J., ex. C). It seems as if GEICO now argues that only Mr. and Mrs. Gibbs were fully covered by the terms of the policy and that so-called "listed" drivers were required to fit under a more narrow definition of an insured by being a resident relative of the Gibbs. Yet in its reply, after stating that whether Cooper was a listed driver is "largely irrelevant," (Reply to Resp. to Mot. Summ. J. at 2), GEICO goes onto to state: "This is a very simple coverage case. Daniel Cooper was deleted as a listed driver at the Gibbs' request on June 3, 2005. Mr. Cooper was not a listed driver on the Policy and his 2000 Honda was not a listed vehicle at the time of the March 21, 2006 accident." (Reply to Resp. to Mot. Summ. J. at 3). Further, in GEICO's memorandum in support of its motion for summary judgment GEICO describes the Gibbs and Cooper, Donald Muhammad and Iola Williams as "listed drivers," at least as of December 16, 2004. (Memo. in Supp. of Mot. Summ. J. at 2). GEICO also states that "Donald Muhammad and Iola T. Williams remained on the Policy until it terminated on September 21, 2006." (Memo. in Supp. of Mot. Summ. J. at 2). Yet, as noted above, the policy declaration in place at the time of the accident only lists the Gibbs under the heading "named insured." (Policy Declar. at 1, Reply to Resp. to Mot. Summ. J., ex. C). Until its reply, GEICO made no attempt, either by a motion or in the two Hinkle affidavits, to distinguish between a "listed" driver and a "named insured" for purposes of coverage.

9

Gibbs, (2) residing in the Gibbs household, and (3) Cooper did not own the 2000 Honda.  (Reply to Resp. to Mot. Summ. J. at 2).  In a footnote, GEICO apparently concedes that even if Cooper was not listed, he may be covered.  GEICO states:

> Under the Policy there is also coverage for resident relatives who are driving a non-owned automobile that is a 'private passenger auto, farm auto or utility auto or towing a trailer.'  There is no evidence that Daniel Cooper was a resident relative of Betty and John Gibbs on March 21, 2006.

(Reply to Resp. To Mot. Summ. J. at 2 n.1).

GEICO's reply argues, without evidence, that Cooper was not a resident relative of the Gibbs.  (*Id.* at 2).  The only evidence supporting GEICO's contention that Cooper owned the 2000 Honda involved in the accident is in the form of Sgt. Bare's accident report.  (Accident Rpt. at 1, Mot. Summ. J., ex. A).  Plaintiffs have not been afforded the opportunity to respond to these allegations.

GEICO's reply does not point to any particular provisions of the policy in support of its argument.  Presumably, it refers to the following section:

> **PERSONS INJURED**
> **Who Is Covered**
>
> Section I applies to the following as *insureds*

10

    with regard to an *owned auto*:

    1. *you* and *your relatives*;
    2. any other person driving the auto with *your* permission and within the actual scope of *your* permission;
    3. and any other person or organization for his or its liability because of acts or omissions of an *insured* under 1. or 2. above.

    Section I applies to the following with regard to a *non-owned auto*:

    1.   (a)  *you*;
         (b)  *your relatives* when driving[6] *a private passenger auto, farm auto* or *utility auto* or towing a *trailer*.

    Such operation by *you* or *your relatives* must be with the permission, or reasonably believed to be with the permission, of the owner and within the scope of that permission;

    2.   any other person or organization, not owning or hiring the auto, regarding his or its liability because of acts or omissions of an *insured* under 1. above.

    The limits of liability stated in the declarations are our maximum obligations regardless of the number of *insureds* involved in the occurrence.

(Policy at 5, Reply to Resp. to Mot. Summ. J., ex. C). A preceding section includes the following relevant definitions:

    4.   "*Insured*" means a person or organization described under PERSONS INSURED.

---

[6] Preliminarily, it should be noted that there is at least a question of fact regarding whether Cooper was driving the vehicle that struck the plaintiffs' Buick on March 21, 2006, inasmuch as Cooper was the only person listed on the accident report in connection with the Honda. See *supra* at p. 2 n.1.

> 5. "*Non-owned auto*" means an automobile or *trailer* not owned by or furnished for the regular use of either *you* or a *relative*, other than a *temporary substitute auto*. An auto rented or leased for more than 30 days will be considered as furnished for regular use.
>
> 6. "*Owned auto*" means:
>
>    (a) a vehicle described in this policy for which a premium charge is shown for these coverages;
>    (b) a *trailer* owned by *you*;
>    (c) a *private passenger*, *farm* or *utility auto*, ownership of which *you* acquire during the policy period or for which *you* enter into a lease during the policy period for a term of six months or more, if:
>
>    (i) it replaces an owned auto as defined in (a) above; or
>    (ii) we insure all *private passenger*, *farm* and *utility autos* owned or leased by *you* on the date of the acquisition, and *you* ask us to add it to the policy no more than 30 days later;
>
>    (d) a *temporary substitute auto*.
>
> \* \* \* \*
>
> 8. "*Relative*" means a person related to *you* who resides in *your* household.
>
> \* \* \* \*
>
> 13. "*You*" means the policyholder named in the declarations and his or her spouse if a resident of the same household.

(Id. at 3-4).

The first aspect of coverage pertains to "owned-autos."

12

Inasmuch as plaintiffs appear to concede that the 2000 Honda was not covered by the policy, the Honda is likely not an "owned-auto," as defined by the policy.  The Honda allegedly driven by Cooper could not qualify under sub-parts (a) or (b) of the definition of an "owned auto" because the Honda was not described in the policy and it is not a trailer.  Although it appears unlikely that the Honda allegedly driven by Cooper is eligible under (c) or (d), GEICO has not assured the court that the Honda does not fit within these possibilities in the definition of an "owned auto."  The court directs the plaintiffs to address in a surreply the issue of whether the Honda could be considered an "owned-auto" under the policy; that is, whether the Honda involved in the accident fits sub-parts (c) or (d) of the definition of "owned auto."  (Policy at 3, Reply to Resp. to Mot. Summ. J., ex. C).

Another potential ground for coverage is under the section dealing with "non-owned autos."  This is where GEICO's argument regarding Cooper's residence, relation to the Gibbs and alleged ownership of the Honda is most relevant.  GEICO's contention seems to be that, whether or not Cooper was a listed driver as of March 21, 2006, to fall within the policy's coverage, (1) Cooper needs to have not owned the 2000 Honda, thus

fitting the definition of a "non-owned" auto, and (2) Cooper must have been a resident relative of the Gibbs at the time of the accident. (<u>Id.</u> at 3,5). As noted above, the only evidence in the record with respect to ownership of the Honda involved in the March 21, 2006 accident is Sgt. Bare's inclusion in his accident report of "Daniel Cooper" in the space designated "OWNER'S NAME.". (Accident Rpt., Mot. Summ. J., ex. A). No evidence has been adduced as to whether Cooper is a relative of the Gibbs nor whether he was residing with them at the time of the accident.

Having raised the argument for the first time in its reply, GEICO has not afforded plaintiffs the opportunity to respond to its newfound interpretation of the policy's coverage. Plaintiffs must also be afforded the opportunity to respond to GEICO's assertions that Cooper, at the time of the March 21, 2006 accident, was not a relative residing with the Gibbs and that he owned the Honda in question. Finally, plaintiffs must be allowed to consider the effect, if any, of the notes of GEICO's claims adjuster's March 29, 2006 conversation with Sgt. Bare.

### III.

It is, accordingly, ORDERED that the plaintiffs be, and

**they hereby are, directed to file a surreply on or before September 25, 2008, addressing:**

1. GEICO's argument that whether Cooper was a "listed" driver is "largely irrelevant," and that in order for there to be coverage Cooper must have been a relative of the Gibbs, residing in their household, at the time of the March 21, 2006 accident;
2. Ownership of the 2000 Honda involved in the March 21, 2006 accident and whether it fits the policy's definition of an "owned auto" or "non-owned auto;"
3. Whether Cooper is a relative of Betty and John Gibbs;
4. Whether Cooper was residing with the Gibbs at the time of the March 21, 2006 accident; and
5. The effect, if any, of the notes of the March 29, 2006 conversation between GEICO's claims adjuster and Sgt. Bare.

**GEICO's summary judgment is held in abeyance pending consideration of the plaintiffs' surreply.**

**The Clerk is requested to transmit this written order**

to all counsel of record.

                                             DATED: September 15, 2008

                                             _____
                                             John T. Copenhaver, Jr.
                                             United States District Judge

16